54 CCPA

**In the Matter of the Application of ANDERSON ELECTRIC CORPORATION.**

**Patent Appeal No. 7759.**

United States Court of Customs and Patent Appeals.

Jan. 12, 1967.

Donald G. Leavitt, St. Louis, Mo., J. Harold Kilcoyne, Washington, D. C., for appellant.

Joseph Schimmel, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

ARTHUR M. SMITH, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board affirming the examiner's refusal to register appellant's mark on the Principal Register on the ground that it so resembles a mark previously registered by another as to be likely, when applied to appellant's goods, to cause confusion, mistake or to deceive. Trademark Act of 1946, section 2(d) (15 U.S.C. § 1052(d)). Appellant's mark and the previously registered mark are as follows:

| Appellant's Mark | Registered Mark |
|---|---|
|  |  |
| Application Serial No. 133,440, filed Dec. 6, 1961. | Reg. No. 511,571, registered June 28, 1949. |

Appellant in its brief concedes that the goods enumerated in the registration are "at least in part identical to the goods recited in appellant's application," e. g., electrical cable clamps. The issue, according to the parties and the board, turns solely upon a comparison of the marks.

The board compared the respective marks and concluded:

It is of course true that there are arguable differences between applicant's mark and the mark of the reference registration. On the other hand, the capital letter "A" constitutes visually the most prominent feature of both marks, and we are clearly of the opinion that this feature of identity between them is such that their contemporaneous use for goods identical in kind would be quite likely to cause confusion or mistake or to deceive. * * *

Appellant argues:

* * * it is believed in the present instance that the Court's decision in

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

Application of Burndy Corporation, 133 USPQ 196, 300 F.2d 938 [49 CCPA 967] (CCPA, 1962), provides strong authority for appellant's position because this decision involved facts so strikingly similar to those here under consideration. Thus, the cited decision presented the issue as to whether the following two marks are confusingly similar:

Appellant's Mark.

Mark of cited
Reg. No. 534,100.

In *Burndy* we distinguished between word marks and design marks, stating, 300 F.2d at 939, 940, 49 CCPA at 968, 969:

> In our view, this case must be decided primarily on the basis of visual similarity of the marks. The marks are not word marks and are not capable of being spoken. They are design marks and, although each is based on a capital letter "B", there are great dissimilarities between them which can be fully appreciated only from seeing them. * * *
>
> * * * * * *
>
> * * * Each is a composite of which the letter is but a part, particularly appellant's mark. In normal use of the marks we do not believe that either of them would be spoken, as, for example, in calling for the goods. They stand, therefore, in the posture of classical trade *marks,* as devices or symbols associated with the goods to designate their origin.
>
> * * * * * *

Here, as in *Burndy,* the case must be decided primarily on the basis of visual similarity of the marks. In comparing the marks in *Burndy,* the opinion states, 300 F.2d at 940, 49 CCPA at 968:

> Viewed as a whole, as they must be in deciding this issue, it is the collective judgment of this court that the marks are so distinctly different in appearance that they would not be likely, if in concurrent use, to cause confusion or mistake or to deceive purchasers. Since this is, of necessity, a subjective opinion, no amount of discussion of the matter can add to the statement of our conclusion which is predicated on the apparent visual differences in the marks.

Considering the marks in issue here, we conclude that there is no likelihood of confusion. The reasoning advanced in *Burndy* is fully applicable here and is hereby incorporated in support of our conclusion.

The decision of the board is therefore reversed.

Reversed.