60 CCPA

**JOHANN MARIA FARINA GEGENÜBER DEM JÜLICHS-PLATZ, successor in interest to Johann Maria Farina, Inc., Appellant,**

v.

**CHESEBROUGH-POND, INC., Appellee.**

**Patent Appeal No. 8779.**

United States Court of Customs and Patent Appeals.

Dec. 29, 1972.

**1386**

Kenyon & Kenyon, Reilly, Carr & Chapin, New York City, attorneys of record, for appellant. William T. Boland, Jr., William J. Ungvarsky, Charles B. Spencer, New York City, of counsel.

Rogers, Hoge & Hills, New York City, attorneys of record, for appellee. William F. Weigel, Marie V. Driscoll, New York City, of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

MARKEY, Chief Judge.

This is an appeal from the decision of the Patent Office Trademark Trial and Appeal Board, abstracted at 164 USPQ 402 (1969), dismissing appellant's opposition to registration of this combined mark of appellee:

[A6995]

1. Application serial number 280,017, filed September 11, 1967.

2. Registration number 789,454, May 11, 1965.

3. Registration number 247,552, October 2, 1928, renewed.

4. Registration number 791,539, June 22, 1965.

Opposition is predicated on the contention that the design portion of the above mark is likely to cause confusion with any one of these marks of appellant:

Neither party took testimony. Opposer's priority of use is conceded. The goods of the parties are toiletries salable in the same channels of trade. Hence the sole issue is whether the commercial impression created by appellee's design is likely to be confused with that earlier created by those of appellant.

Appellant argues that the impression created by the marks of both parties is that of a flower, particularly a tulip. We disagree.

Appellant's labels and advertising have at all times prominently referred to its design as a "crest". Nothing of record indicates that any member of the public has ever considered or described appellant's mark as representing a tulip or that appellant did so prior to publication of appellee's application.

■■ Side-by-side comparison is not the test, Owens-Illinois Glass Co. v. Clevite Corp., 324 F.2d 1010, 51 CCPA 815, 817 (1963). The focus must be on the "general recollection" reasonably produced by appellant's mark and a comparison of appellee's mark therewith. So considered, the designs before us are clearly distinct in overall appearance. We think they create different impressions on purchasers, current and potential. See In re Anderson Electric Corporation, 370 F.2d 593, 54 CCPA 931

(1967); In re Burndy Corporation, 300 F.2d 938, 49 CCPA 967 (1962). Hence concurrent use of appellant's and appellee's marks is not likely to cause confusion.

The decision of the board is affirmed.

Affirmed.