**GRANDPA PIDGEON'S OF MISSOURI, INC., Appellant,**

v.

**Robert J. BORGSMILLER, d.b.a. Grandpa John's Store, Appellee.**

**Patent Appeal No. 8939.**

United States Court of Customs and Patent Appeals.

May 3, 1973.

John D. Pope, III, St. Louis, Mo., attorney of record, for appellant.

Paul M. Denk, St. Louis, Mo., attorney of record, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

MARKEY, Chief Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board dismissing appellant's opposition to registration of appellee's mark comprising the figure of an elderly man. We reverse.

Appellant's earlier use of its marks and the identity of the parties' retail store services are undisputed. The sole issue is whether appellee's mark so resembles a mark of appellant as to be likely to cause confusion or mistake or to deceive.

Appellant relies on two earlier registrations [1] and its prior use of various non-registered marks, all of which include the figure of an elderly man and the words "Grandpa Pidgeon." Particular reliance is placed on prior and continued use of a sign (Ex. 3) displaying appellant's figure posed differently from that in its registrations and with the words of its registered mark displayed in different form below the figure. Appellant also asserts prior use of the words "Grandpa" and "Grandpa Pidgeon" without a figure. The president and sole witness of appellant testified that two customers had asked whether appellant owned appellee's store but nothing in the record indicates any causal relationship between the question and appellee's use of its mark.

Appellee cites its use of differing elderly man figures as well as a number of third party registrations of such figures and of "Grandpa."

Appellant's registered mark and appellee's mark appear as follows:

Appellant points to the similarities of the figures, particularly as between its Exhibit 3 and appellee's mark. Appellee points to their dissimilarities.

Side-by-side comparison is not the test. Johann Maria Farina Gegenuber Dem Julichs-Platz v. Chesebrough-Pond, Inc., 470 F.2d 1385 (CCPA 1972). Both parties employ an elderly man figure in connection with identical services. The figures create a similar commercial impression, likely to be remembered by purchasers. Each is that of an aged man in overalls with cane and pipe, i. e. a "grandpa." We recognize, as the board implied, that the use by both parties of the word "grandpa," rather than the figures *per se*, may have been responsible for the limited instances of alleged actual confusion and therefore ascribe no value to that testimony in arriving at our decision.

That one figure is upright and apparently spry while the other is slightly stooped is, we believe, a difference not likely to be recalled by purchasers seeing the marks at spaced intervals. Purchasers of retail services do not engage in trademark dissection. Legal surgery, in which trademarks have parts enhanced or discarded, is of little aid in determining the effect of design marks on purchasers who merely recollect. The scalpel is employed by lawyers, not purchasers.

We think that the overall commercial impression created by appellee's mark is sufficiently similar to that created by

1. Reg.No. 825,465, issued March 7, 1967. Reg.No. 812,359, issued Aug. 9, 1966.

appellant's mark (Ex. 3) as to be likely to cause confusion, mistake or deception. Accordingly, we *reverse*.

Reversed.